**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AF HOLDINGS LLC,

Plaintiff, No. 1:12-cv-00812

v.

JEREMY LOZANO,

Defendant,
_______________________________________/

JONATHAN W TAPPAN (P72195)
Jonathan W Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: blgibbs@wefightpiracy.com
_______________________________________/

**PLAINTIFF'S MOTION FOR SERVICE BY SPECIAL ORDER OF THE COURT**

**INTRODUCTION**

Plaintiff AF Holdings LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Motion for Service by Special Order of the Court pursuant to Federal Rule of Civil Procedure 4(e)(1) and Michigan Court Rule ("MCR") 2.105(I). Pursuant to MCR 2.105(I), service upon Defendant Jeremy Lozano ("Defendant") cannot be reasonably made. Plaintiff repeatedly attempted to effectuate service upon Defendant at his last known address, 928 9th St. NW, Grand Rapids, MI 49504, as well as at an alternative address. (*See* Exhibit 1). These attempts to effectuate service have been unsuccessful. Plaintiff has made a diligent inquiry as to other possible locations of Defendant; the one alternative address that Plaintiff was able to find also did not result in successful service of Defendant. *Id.* Plaintiff thus moves the Court to allow Defendant to be served in the following manner: mailing a copy of the summons and complaint

in a sealed envelope with postage fully prepaid via regular and certified, return receipt requested mail addressed to Defendant at his residence at 928 9th St. NW Grand Rapids, MI 49504. In the alternative, Plaintiff respectfully moves the Court to allow service upon Defendant in "any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard," as permitted by MCR 2.105(I).

**ARGUMENT**

**I. PLAINTIFF HAS EXHAUSTED OTHER METHODS OF SERVICE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff invokes Federal Rule of Civil Procedure 4(e)(1) because Plaintiff has exhausted other methods of service under 4(e). FRCP 4(e). Plaintiff's attempts to serve process upon Defendant under other methods of service is detailed in the attached affidavit. (*See* Exhibit 1.) Under FRCP 4(e)(1), "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As the instant action is pending in the Western District of Michigan, Plaintiff turns to the relevant Michigan statute, MCR 2.105(I), in moving for service by special order of the Court.

**II. SERVICE OF DEFENDANT UNDER MCR 2.105(I) IS IMPRACTICAL**

MCR 2.105(I) provides that "on a showing that service of process cannot reasonably be made as provided by [Rule 2.105], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings." MCR 2.105(I). As detailed in the attached affidavit, Plaintiff has made a diligent inquiry as to the location of the individual defendant, and made reasonable efforts to effectuate service, efforts which have proven unsuccessful. (*See* Exhibit 1.) Personal service upon

Defendant is thus impractical, and the Court should allow Defendant to be served by mailing via certified U.S. mail.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully moves this Court to allow Defendant to be served via certified U.S. mail, or, in the alternative, by any other manner provided for by the Court's discretion.

Respectfully submitted,

AF Holdings LLC,

DATED: November 26, 2012

By: /s/ Jonathan W. Tappan

JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: blgibbs@wefightpiracy.com
*Attorney for Plaintiff*